UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AARON J. KUNKLE,                          No. 07-10049

                    Debtor(s).
_____/

BRIAN BATOOSINGH,

                    Plaintiff(s),

      v.                               A.P. No. 07-1025

AARON J. KUNKLE,

                    Defendant(s).
_____/

Memorandum After Trial
_____

     In late 2005, debtor and defendant Aaron Kunkle was a general contractor in need of cash. Plaintiff Brian Batoosingh was a young man with a brand-new equity line of credit burning a hole is his pocket. Introduced through a mutual friend, Batoosingh agreed to lend Kunkle $30,000.00 for 30 days for $3,000.00. A week or so later, Batoosingh loaned Kunkle an additional $5,000.00 for 30 more days in return for another $3,000.00. Aside from the two $3,000.00 payments, Kunkle did not repay the two loans. Kunkle filed his Chapter 7 petition on January 16, 2007. By this adversary proceeding, Batoosingh seeks a

1

declaration that his claims against Kunkle are nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

During their oral discussions leading up to the loans, Kunkle told Batoosingh that he need the money for just a short term until a $500,000 loan from a testamentary trust was funded. The loan had been approved by the sole beneficiary of the trust, Kunkle's mother, plus the two other residual beneficiaries, Kunkle's brother and sister, plus his mother's financial advisor, so the representation to Batoosingh was truthful and Kunkle believed he would get the loan very soon.

Also during the discussion, Kunkle made reference to "his trust." Both Kunkle and Batoosingh were completely ignorant as to how trusts worked. Until things were explained to him by his bankruptcy lawyer, Kunkle thought the trust was "his" because it had paid for some of his expenses in the past. To this day, Kunkle still refers to "my trust" even though he now knows he is just a residual beneficiary. The court doubts Kunkle has very much understanding of what a "residual beneficiary" is.

Anyway, the bank which is the trustee of the trust (established by Kunkle's maternal grandfather) refused to authorize the loan even after written request by Kunkle's mother and siblings. Kunkle was unable to repay Batoosingh and eventually filed his bankruptcy petition.

Batoosingh, who is perhaps the most naive of any of the many unhappy creditors who have ever testified before this court, bases his accusation of fraud on Kunkle's oral representations that he had a trust when in fact he did not have one. While there is some question in the court's mind as to whether such representations had to be in writing pursuant to § 523(a)(2)(A) to be the basis for nondischargeability, the court need not address this issue as it finds no fraudulent intent. Kunkle, hardly less naive than Batoosingh, actually thought he had a present interest in the trust. In order to sustain a judgment of nondischargeability pursuant to § 523(a)(2)(A), the debtor must have intended to deceive the creditor. *In re Harmon,* 250 F.3d 1240, 1248n10 (9th Cir. 2001). Thus, Kunkle's belief the trust was in part his negates any finding of fraud.

In addition, the court is sure that Batoosingh understood very little of what Kunkle told him at their meetings. Batoosingh appears very young, in his twenties or early thirties at the most, and clearly has no

2

knowledge of business or finance as well as very little common sense. The court finds that the shared ignorance of Batoosingh and Kunkle led them to this day, not any guile by Kunkle.

For the foregoing reasons, Batoosingh shall take nothing by his complaint. Kunkle shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Kunkle shall submit an appropriate form of judgment forthwith.

Dated: December 10, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

3

Case: 07-01025    Doc# 9    Filed: 12/10/07    Entered: 12/10/07 14:18:54    Page 3 of 3